IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM GENE EATON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-14-1359-R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# REPORT AND RECOMMENDATION

William Eaton (Petitioner), a federal prisoner appearing pro se, has filed what he titled a "Motion for Legality of Conviction Supported by the Savings Clause under 28 U.S.C. § 2241 – 28 U.S.C. § 2255(e)." Doc. 1. He claims that if his trial counsel "would have filed a motion to dismiss based upon the government's failure to obtain a timely Grand Jury indictment . . . . petitioner would not have been convicted[.]" *Id.* at 4. He also maintains that "the failure to file a 'timely indictment' by the Government 'voids' the district court of 'subject-matter jurisdiction,' and that he "is actually innocent of 'never having been indicted according to statute 18 U.S,C. § 3161(b).'" *Id.* at 1.

Petitioner purported to file his "motion" in *United States v. Eaton*, Case No. CR-98-183-R (W.D. Okla.). *Eaton v. United States*, CIV-14-1359-R (W.D. Okla.), Doc. 1, at 1. Nonetheless, the matter was properly docketed in this Court as an application for habeas corpus relief pursuant to 28 U.S.C. § 2241

and was assigned the above-captioned civil case number.[1] Petitioner filed his habeas application from his current place of confinement at FCI Victorville II in Adelanto, California. *Id.* at 6.

United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Following careful review of the issues implicated by Petitioner's action, the undersigned recommends that Petitioner's application for habeas relief be summarily dismissed without prejudice to refiling.

## I. This Court lacks jurisdiction over Petitioner's action.

In its July 23, 2013, order denying what it construed as Petitioner's application for authorization to file a successive 28 U.S.C. § 2255 motion in his criminal case, the Tenth Circuit summarized Petitioner's criminal proceeding and his subsequent efforts to challenge his convictions and sentence:

> On March 24, 1999, Defendant was sentenced to life imprisonment by the United States District Court for the Western District of

---

[1] This is consistent with Petitioner's assertion that

[a] Federal Prisoner may utilize § 2241 to challenge the legality of a conviction or sentence in cases pursuant to the saving clause of § 2255(e). The Saving Clause allows Federal prisoners to bring a claim under § 2241 where they can show a remedy under § 2255 is inadequate, or ineffective to test the legality of the detention.

Doc. 1, at 1 (internal quotation marks omitted).

2

> Oklahoma after being convicted of bank robberies and related crimes. The convictions and sentence were affirmed on appeal. Defendant filed his first 28 U.S.C. § 2255 motion in July 2000, arguing that his counsel was ineffective for various reasons, including that he failed to seek dismissal of the charges on the ground that the indictment was untimely filed. The district court denied that motion, ruling, among other things, that the indictment was timely. This court denied a certificate of appealability. In March 2005 Defendant filed his second § 2255 motion, which the district court treated as an application for authorization to file a second or successive § 2255 motion and transferred to this court. We denied authorization. Since then, Defendant has filed numerous motions in district court seeking postconviction relief, none of which has been successful in district court or this court.

*United States v. Eaton,* CR-98-183-R, Doc. 284, at 1-2.

Having failed to successfully challenge the legality of his detention under § 2255 and by other collateral means, Petitioner now seeks relief pursuant to 28 U.S.C. § 2241. Doc. 1. That legal avenue remains open because "§ 2255(e) includes a so-called 'savings clause' which sometimes allows a federal prisoner to resort to § 2241 to challenge the legality of his detention." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). In order to satisfy the savings clause, a petitioner must establish that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e).

Though § 2241 is an available remedy in certain limited circumstances, this Court lacks jurisdiction over Petitioner's action because he filed it while confined in FCI Victorville. Doc. 1, at 6. That facility is located within the

3

territorial jurisdiction of the Central District of California. *See* http://www.bop.gov/locations/institutions/vvm/. Accordingly, the Central District of California, "not the Western District of Oklahoma, was the proper court to consider the petition." *Montalvo v. Werlizh*, 461 F. App'x 818, 819 (10th Cir. 2012) (citing 28 U.S.C. § 2241(a)); *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Prost*, 636 F.3d at 581 ("§ 2241 petitions must be brought in the district of incarceration").

A transfer of this action pursuant to 28 U.S.C. § 1631 is not warranted. Petitioner has previously – and unsuccessfully – filed three § 2241 applications in the United States District Court for the Central District of California that pertain to his Oklahoma convictions and sentence, most recently on April 7, 2014. *See Eaton v. Milusnic*, No. CV 14-2600-AG (RNB) (C.D. Cal.).[2] He has claimed that the criminal trial court "lacked subject matter jurisdiction due to the Government's failure to timely indict, and that his defense attorney was ineffective for not making this lack of subject matter jurisdiction claim on direct

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the undersigned takes judicial notice of the electronic records and dockets available through the PACER system.

appeal." *Eaton v. Milusnic*, No. CV 14-2600-AG (RNB), Doc. 3, at 3. "Petitioner [has] also claimed that, as a result of the lack of subject matter jurisdiction, he was 'actually innocent' of all charges in the superseded indictment." *Id.*

It is plainly not "in the interest of justice" to transfer Petitioner's repetitious claims and action to the Central District of California. 28 U.S.C. § 1631.

## II. Recommendation and notice of right to object.

For the reasons stated, the undersigned recommends that Petitioner's application for habeas relief be summarily dismissed without prejudice to refiling.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before January 20, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the U.S. Attorneys Office at the following address: Kay.Sewell@usdoj.gov.

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

IT IS SO ORDERED this 31st day of December, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE